**Charles E. ALLEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–85–129–CR.**

Court of Appeals of Texas, Waco.

Oct. 23, 1986.

Benjie Sims Reed, Mexia, for appellant.

Rex. N. Leach, Co. Atty., Fred Neale, Asst. Co. Atty., Groesbeck, for appellee.

HALL, Justice.

Pleading not guilty, appellant Charles E. Allen was found guilty by a jury for the offense of burglary of a building. Enhanced by two prior felony convictions, punishment was assessed by the court at confinement in the Texas Department of Corrections for twenty-five years and a fine of $1,500.00. Appellant seeks reversal on two points of error asserting (1) the evidence did not establish that the structure allegedly burglarized was a "building" as alleged in the indictment, and (2) the only proof that inculpated appellant was the uncorroborated testimony of a co-defendant. We overrule these contentions, and we affirm the judgment of conviction.

 A "building" is defined in our burglary statutes to mean "any enclosed structure intended for use or occupation as a habitation or for some purpose of trade, manufacture, ornament, or use." V.T.C.A., Penal Code § 30.01(2). According to the evidence in our case, the structures in question were a fireworks stand and a trailer. Both had four walls and a roof, both were affixed to the ground with cinder blocks, both had doors that were locked with key locks and both were used by their owner to store a variety of auto supplies and tires in connection with his retail business and this was their use when the burglary in question occurred. Although both structures had axles and wheels, in order to be moved both would have to be raised and removed from the blocks. We hold the evidence sufficiently established that the structures were storage buildings and not vehicles as contended by appellant. A "vehicle" is defined in Penal Code § 30.01(3) as "any device in, on, or by which any person or property is or may be propelled, moved, or drawn in the normal course of commerce or transportation, except such devices as are classified as 'habitation'". In § 30.-01(1), "habitation" is defined to mean "a structure or vehicle that is adapted for the overnight accommodation of persons." Appellant's first point of error is overruled.

A co-defendant named Marvin Anderson testified that appellant partici-pated in the burglary by entering one of the buildings and removing "three or four" tires. Constable Sam Bonner testified that appellant told Bonner that he was at the scene of the burglary, but that he did not go into a building and that "all he did was get four tires that came out of it." Bonner also testified that appellant said that he had sold two of the stolen tires to Claude Sandles and two to Clinton Bluitt. This testimony corroborates Anderson's testimony that appellant was at the scene of the burglary during its commission and took four tires. The burglary occurred on August 4, 1984. Claude Sandles testified that during the early part of that month, appellant offered to sell him two tires and that he did in fact purchase two tires and some oil from appellant. Clinton Bluitt also testified that during the early part of that month he purchased two tires from appellant. This testimony also corroborates the testimony of Anderson. Appellant's second point of error is overruled.

The judgment is affirmed.